IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALVIN DEWAYNE STRONG, #05039419, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0556-N |
| | ) | ECF |
| DALLAS COUNTY GOVERNMENT, et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed on June 23, 2006, this cause has been re-referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:   This is a civil rights action brought by a county inmate pursuant to 42 U.S.C. § 1983.

Parties:   At the time of filing this action, Plaintiff was incarcerated at the Dallas County Jail in Dallas, Texas. He was recently transferred to the Dawson State Jail of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Dallas.

Defendants are the "Dallas County Government," Dallas County Commissioners, the Dallas County Jail, and the Dallas County Sheriff. No process has been issued in this case pending preliminary screening. On July 6, 2006, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on September 14, 2006.

Statement of the Case:   Plaintiff's amended complaint, as supplemented by the answers to the questionnaire, seeks monetary compensation for the unwarranted exposure to tuberculosis

("TB") and staph infection, and for contracting the latter while confined at the Dallas County Jail. (Amended Complaint at 4). According to Plaintiff the filthiness of the living quarters coupled with the inability to obtain cleaning supplies created "unsanitary living conditions" for which Defendants, as overseers of the Dallas County Jail, are personally responsible. (*Id.*). Plaintiff also complains of the lack of proper medical care. (Answer to Questions 7 and 12).[1]

<u>Findings and Conclusions</u>: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions); 42 U.S.C. § 1997e(c)(1) (applicable to prison condition cases).

---

[1] Plaintiff's original complaint pled in general "lack of proper medical care." (Original Complaint at 1). While this allegation is not present in the amended complaint, which superseded the original complaint, *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), it is present in the answers to the questionnaire. Thus, the Court will consider this claim below.
    Insofar as Plaintiff requests injunctive relief, his recent transfer to TDCJ renders his claim moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (inmate's transfer to another prison rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).
    Plaintiff has moved for the appointment of counsel. Such motion should be denied because he cannot show that his case presents exceptional circumstances warranting the appointment of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (a plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (appointment of counsel warranted only if case presents exceptional circumstances).

Sections 1915A(b), 1915(e)(2)(B), and 1997e(c)(1) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]

Plaintiff seeks to sue the "Dallas County Government." A local government entity such as a county or municipality cannot be held liable for a constitutional violation under a theory of vicarious liability or *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978). Instead, liability may be imposed "only where the municipality itself causes the constitutional violation at issue." *Board of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403-404 (1997); *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). To prevail on a § 1983 claim against a municipality, the plaintiff must therefore demonstrate that the city or county acted pursuant to a policy or custom that was the cause of an alleged deprivation of rights protected by the Constitution. *Bryan County,* 520 U.S. at 403.

The amended complaint is devoid of any allegation establishing the existence of a policy or custom of Dallas County with respect to the conditions of confinement at the Dallas County

---

[2] Exhaustion of administrative remedies under 42 U.S.C. § 1997e(c), is mandatory before the filing of any suit challenging prison conditions. *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2382-83 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). While Plaintiff has not provided the Court with copies of any written grievances/documents as required in the Magistrate Judge's Questionnaire, he alleges that he never received a response to any of his grievances. (*See* Answer to Questions 6, 9, and 13). It is, thus, unclear whether Plaintiff was prevented from exhausting his administrative remedies at the Dallas County Jail. Nevertheless, the Court may dismiss a claim as frivolous or for failure to state a claim without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies).

Jail. Thus, Plaintiff cannot meet his burden of pleading that the County acted pursuant to a policy or custom that was the cause of an alleged deprivation of constitutional rights. The only possible connection between the alleged acts of the officers listed in answer to Question 15 and Dallas County is the fact of their employment. This is clearly insufficient to establish liability under section 1983 against a county. As such Plaintiff's cause of action against Dallas County lacks an arguable basis in law and should be dismissed as frivolous.

The same applies to the claims against the Dallas County Sheriff and Commissioners. To be liable under § 1983, an individual must be personally involved in the acts causing the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (quoting *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (personal involvement is an essential element).

Moreover, supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam). Supervisory officials may be held liable only if they (i) affirmatively participate in acts that cause constitutional deprivations, or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987); *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir. 1985).

The amended complaint and answers to the magistrate judge's questionnaire fail to state

any facts showing that the Sheriff and Commissioners were "personally involved" in the events at issue in the complaint.  Plaintiff merely states that he sent a letter to the Commissioners and Sheriff outlining the conditions of his confinement at the Dallas County Jail.  (Answer to Question 15 and attached letter).  He alleges no other facts which this Court could liberally construe to allege that the Sheriff and County Commissioners were personally involved in any of the claims raised in this case.  (*Id.*).

Plaintiff's claims against the Dallas County Jail likewise lack an arguable basis in law.  It is well settled that a plaintiff may not bring a civil rights claim against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Assuming *arguendo* that Plaintiff were able to plead a sufficient policy or custom or personal involvement to sue the Defendants named in the complaint, his claims neither involve a sufficient physical injury under 42 U.S.C. § 1997e(e), nor rise to a constitutional violation.[3]

Plaintiff asserts that he was exposed to TB during his twenty-two-month detention at the Dallas County Jail.  This allegation is premised on an unsubstantiated fear that he contracted TB.  He complains of chronic coughing, chest pains, and shortage of breath in answer to the questionnaire.  (Answer to Question 11).  However, his answers are devoid of any allegation addressing the extent of his medical condition.  *See Alexander v. Tippah County*, 351 F.3d 626,

---

[3] The physical injury requirement of § 1997e(e) requires prisoners filing suit to demonstrate a physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody.  *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999).  The "'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'"  *Id.* at 719 (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)) (alteration in original).

631 (5th Cir. 2003) (concluding that nausea, which was not severe enough to warrant medical attention, was de minimis).  The Court concludes that Plaintiff's physical injuries as a result of the alleged exposure to TB were de minimis at the most.  Moreover, Plaintiff has not submitted any evidence establishing that he ever contracted TB.

Next Plaintiff asserts that he was denied medical care for his staph infection.  To state a colorable claim under the Eighth Amendment for denial of medical care, convicted inmates must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *Norton*, 122 F.3d at 291.  It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994).[4]

In his letter attached to the answers to the questionnaire, Plaintiff alleges that he suffered from twelve sores, which have resulted in permanent scars on his body.  While he claims he did not receive any medical treatment for his sores, he provides no evidence that they were infected.

Assuming Plaintiff contracted staph infection, and that his condition was serious, he fails to demonstrate that Defendants were deliberately indifferent to his medical condition.  Apart form listing the individual defendants in answer to Question 15, he fails to show that they knew about his medical needs, and failed to act or respond to such needs or conditions.  *(See* Answer

---

[4] Although Plaintiff was a pretrial detainee during some of the events in question, the same standard applies to his claims of denial of medical care under the Due Process Clause of the Fourteenth Amendment.  *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999).

to Question 15). While Plaintiff refers to the letter that he mailed to the Sheriff and County Commissioners, he cannot establish that his letter was actually received or read by them. Nor does he provide any details as to the involvement of the individual officers and guards listed in Answer to Question 15.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (i), and 42 U.S.C. § 1997e(c)(1), and that Plaintiff's motion for the appointment of counsel (#17) be DENIED.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 9th day of November, 2006.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.